# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 18-4461**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BAKARI MAURICE TEACHEY, a/k/a Double R,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:17-cr-00268-BR-1)

Submitted: September 15, 2021          Decided: October 13, 2021

Before DIAZ, FLOYD, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Charity L. Wilson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Bakari Maurice Teachey of two counts of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Counts 1 and 2), and one count of possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 4), and the district court sentenced Teachey to 210 months' imprisonment. On appeal, Teachey contends that the district court erred in denying his motions to suppress; the evidence was insufficient to convict him of Count 1; the court made numerous evidentiary errors; and the court erred in applying an obstruction of justice sentencing enhancement.[1] We affirm.

Teachey first contends that the district court erred in denying his motion to suppress evidence found during a warrantless search of his car because probable cause for the search was based on the alert of an unreliable drug-detection dog. In considering "a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo[,] . . . constru[ing] the evidence in the light most favorable to the prevailing party." *United States v. Lull*, 824 F.3d 109, 114-15 (4th Cir. 2016) (internal

---

[1] After the conclusion of formal briefing in this case, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (holding "that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm"). This case was held in abeyance pending additional guidance on the standard of review for a *Rehaif* error. Following the Supreme Court's recent decision in *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021) (holding that, "[i]n felon-in-possession cases, a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon"), Teachey withdrew any potential *Rehaif* claim, conceding that he could not meet the requirement established by *Greer* for seeking plain error relief.

2

quotation marks omitted). In determining the reliability of a drug-detection dog, a court must look to the totality of the circumstances. *Florida v. Harris*, 568 U.S. 237, 244 (2013). "If a bona fide organization has certified a dog after testing his reliability in a controlled setting, a court can presume (subject to any conflicting evidence offered) that the dog's alert provides probable cause to search." *Id.* at 246-47. Here, the Government presented extensive evidence regarding the dog's reliability, including testimony regarding the dog's training and certification, and Teachey did not provide any compelling conflicting evidence. Based on the totality of the circumstances, we conclude that the district court did not err in denying Teachey's motion to suppress the evidence resulting from the search.

Teachey also contends that the district court erred in denying his motion to suppress statements he made during a custodial interview on May 11, 2017, on the ground that the interrogating officer failed to advise him of his right to have an attorney appointed for him if he could not afford one. A defendant subject to custodial interrogation must be advised of his *Miranda*[2] rights. *United States v. Azua-Rinconada*, 914 F.3d 319, 325 (4th Cir. 2019). As relevant here, a defendant's *Miranda* rights include not only "the right to consult with an attorney, but also that if he is indigent a lawyer will be appointed to represent him." *Miranda*, 384 U.S. at 473. However, "a warning that the indigent may have counsel appointed need not be given to the person who is known to have an attorney or is known to have ample funds to secure one." *Id.* at 473 n.43. Here, Teachey told the interrogating officer that he already had an attorney. Accordingly, the officer's failure to advise Teachey

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

of his right to have an attorney appointed was not a constitutional violation, and the district court did not err in denying Teachey's motion to suppress the statements he made during the interview.

Teachey next challenges the sufficiency of the evidence supporting Count 1; specifically, whether the Government established that the gun Teachey possessed on May 9, 2017, had moved in interstate commerce. We review de novo the sufficiency of the evidence supporting a conviction. *United States v. Barefoot*, 754 F.3d 226, 233 (4th Cir. 2014). We will uphold a conviction if, "view[ing] the evidence in the light most favorable to the government . . . [,] *any* rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

We conclude that a rational juror could have found that the gun seized on May 11, 2017, which the parties stipulated had moved in interstate commerce, was the same gun Teachey possessed on May 9, 2017, which he used to assault a friend of his estranged wife. During his custodial interview with police, Teachey admitted he knew the firearm was in his glove box on May 11 and that he had touched it. Shortly thereafter, he admitted to assaulting his wife's friend "with that gun." J.A. 972. Given this evidence, a rational juror could have concluded that the gun seized from Teachey's glove box was the same gun he'd used in the assault, so, we reject his challenge to the sufficiency of the evidence supporting Count 1..

Teachey also claims that the district court erred in admitting into evidence several statements that he alleges constituted impermissible hearsay. *See* Fed. R. Evid. 801(c). "We review a trial court's rulings on the admissibility of evidence for abuse of discretion

4

and will only overturn an evidentiary ruling that is arbitrary and irrational." *United States v. Abdallah*, 911 F.3d 201, 219 (4th Cir. 2018) (internal quotation marks omitted). We will not overturn a conviction due to an erroneous evidentiary ruling if the error is harmless—that is, if we can "say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. Cole*, 631 F.3d 146, 154-55 (4th Cir. 2011) (internal quotation marks omitted). Here, our review of the record reveals that—to the extent any of the identified statements were impermissible hearsay—their admission was harmless.

Teachey next argues that the Government failed to properly authenticate two recordings admitted at trial: a recording of Teachey's May 11, 2017, custodial interview and a recording of a phone call Teachey made from jail. The proponent of a recording must show that it is sufficiently authentic to be admitted into evidence. *United States v. Wilson*, 115 F.3d 1185, 1188-89 (4th Cir. 1997). "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). "The burden to authenticate under Rule 901 is not high—only a prima facie showing is required, and a district court's role is to serve as gatekeeper in assessing whether the proponent has offered a satisfactory foundation from which the jury could reasonably find that the evidence is authentic." *United States v. Cornell*, 780 F.3d 616, 629 (4th Cir. 2015) (brackets and internal quotation marks omitted). In the instant case, the Government met its burden with respect to both recordings, and the district court did not err in admitting them into evidence.

Finally, Teachey contends that the district court erroneously applied a two-level enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (2016). In determining whether a district court properly applied the Sentencing Guidelines, we review the court's factual findings for clear error and its legal conclusions de novo. *United States v. Oceanic Illsabe Ltd.*, 889 F.3d 178, 194 (4th Cir. 2018). Under the clear error standard, we may not reverse a district court's findings simply because we would have reached a different result. *United States v. Charboneau*, 914 F.3d 906, 912 (4th Cir. 2019). Instead, we may only reverse if we are "left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks omitted).

The Sentencing Guidelines provide for the obstruction of justice enhancement if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and . . . the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct." USSG § 3C1.1. Because our review of the evidence does not leave us with "the definite and firm conviction that a mistake has been committed," *Charboneau*, 914 F.3d at 912, we conclude that the district court did not err in finding that Teachey obstructed justice.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*